**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PERRY A. SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-CV-0781-CVE-TLW |
| ) | |
| JIM KEITH, Warden; ) | |
| OKLAHOMA PARDON & PAROLE ) | |
| BOARD; STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus proceeding commenced by petitioner, a state inmate appearing *pro se*. In his petition (Dkt. # 1), petitioner alleges his due process rights were violated during parole revocation proceedings. He requests "credit for all street time," that his "original discharge date of Sept. 22, 2009" be honored, or that he be discharged from custody. See id. In response to the petition, respondent filed a motion to dismiss (Dkt. # 5), requesting that the petition be dismissed because petitioner's claims are procedurally barred. Petitioner filed a response (Dkt. # 6) to the motion to dismiss arguing that his claims are not procedurally barred. In the alternative, petitioner asserts that he has demonstrated "cause" sufficient to overcome the procedural bar. As discussed below, the Court finds it is more efficient to address and deny petitioner's claims on the merits than to analyze the rulings by the state courts. Therefore, respondent's motion to dismiss shall be denied and the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

The record demonstrates that on February 3, 2000, petitioner pled guilty to Escape in Mayes County District Court, Case No. CF-96-258, and was sentenced to seven (7) years imprisonment.

See Dkt. # 5, Ex. 2. Oklahoma Governor Brad Henry granted petitioner a parole, effective May 13, 2004, conditioned by the Rules and Conditions of Parole as listed and acknowledged by petitioner on the Certificate of Parole. Id., Ex. 3. On November 16, 2006, petitioner's parole officer, Norma Pressley, reported that petitioner had violated numerous rules of his parole. Id., Ex. 4. Based on the reported parole violations, the Oklahoma Department of Corrections issued a warrant for petitioner's arrest on January 10, 2008. Id., Ex. 5. On January 15, 2008, petitioner was provided written notice of a probable cause hearing scheduled for January 29, 2008. Id., Ex. 6. The notice identified the alleged rule violations and the evidence to be presented. Id. Petitioner was advised that he was entitled to appear, to speak in his own behalf, to present evidence and witnesses, and to confront and question his accusers. Id. The probable cause hearing was held on January 29, 2008, at the Mayes District Community Corrections facility, located in Pryor, Oklahoma. Id., Ex. 7. The "Probable Cause Hearing Summary" reflects that petitioner was present and allowed to address each alleged rule violation. Id. While he offered explanations and excuses for some of the violations, he admitted others. Id. The parole officer found the existence of probable cause for each of the alleged rule violations. Id.

On January 29, 2008, petitioner was provided notice of an executive revocation hearing. See Dkt. # 5, Ex. 8. The notice informed Petitioner that the executive revocation hearing would be "scheduled at a later date," and that he would "be informed of the date and location by mail from the Pardon and Parole Board." Id. He was advised that at the executive revocation hearing, he was entitled to appear, to speak in his own behalf, to present evidence and witnesses and to confront and question his accusers. Id. He was again provided notice of the alleged rule violations and the evidence to be presented. Id. The executive revocation hearing was held June 19, 2008. Id., Ex. 9.

2

The hearing was held at the Department of Corrections via video conference. The "Summary of Proceedings" reflects that petitioner testified at the hearing and offered explanations for the alleged rule violations. At the conclusion of the hearing, the Hearing Officer found that petitioner had violated Rules 2, 3, 5, 6, 8, 9, and 10, and recommended that petitioner's parole be revoked to serve the remaining portion of his term, with no credit for street time. Id. On July 8, 2008, Oklahoma Governor Brad Henry revoked petitioner's parole, and ordered that he be incarcerated to serve the remaining portion of his sentence, with no credit for street time. Id., Ex. 10.

The record also reflects that on June 11, 2008, or prior to the executive revocation hearing, petitioner filed an application for post-conviction relief and petition for writ of habeas corpus in Mayes County District Court, Case No. CF-96-258. See Dkt. # 5, Ex. 11. That application was denied by minute order filed July 22, 2008. Id., Ex. 12. On September 25, 2008, petitioner filed a "supplemental brief for post-conviction." Id., Ex. 11. Construed as a motion to reconsider, the supplemental request for post-conviction relief was denied by minute order filed December 19, 2008. Id., Ex. 13. After several attempts by petitioner to obtain an appealable order from the state district court, a "Formal Order Denying Post Conviction and Habeas Corpus Relief" was filed on February 18, 2009. Id., Ex. 14. Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). On May 28, 2009, the OCCA affirmed the state district court's denial of post-conviction relief. Id., Ex. 18.

Petitioner filed his petition for writ of habeas corpus on December 11, 2009 (Dkt. # 1), alleging that he was deprived of due process during his parole revocation proceedings. He identifies two claims, as follows:

3

> Ground 1:    Petitioner did not receive the due process required by Morrissey v. Brewer at his executive parole revocation hearing.
> Petitioner had to wait 142 days before he was given an executive hearing, then was only given 25 minutes notice to get ready for this hearing, he was not afforded the right to present witnesses nor confront witnesses.
>
> Ground 2:    Petitioner filed his post-conviction/habeas corpus timely.
> Meaning, petitioner filed on 6-11-08, his hearing wasn't until 6-19-08. This subject his confinement to attack! The Parole Board had exceeded its authority by not holding this hearing in a timely manner.  5 months or 142 days without notice of any kind, then he's given 25 minute notice on the day of his hearing.  At this hearing facts were not verified!!

(Dkt. # 1).  In response to the petition, respondent asserts that petitioner's claims are procedurally barred.  See Dkt. # 5.

## *ANALYSIS*

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

Under Tenth Circuit precedent, where analysis of the merits of an issue is more efficient than addressing the level of deference owed or issues of procedural bar, the court may proceed directly

to the review of the merits of the claim to deny relief. Smith v. Mullin, 379 F.3d 919, 927 (10th Cir. 2004) ("We need not determine the level of deference owed the OCCA's conclusions as to these various misconduct claims or which [claims] are barred on independent and adequate state grounds. Where an issue may be more easily and succinctly affirmed on the merits, judicial economy counsels in favor of such a disposition.") (internal quotations and citation omitted); Cannon v. Mullin, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits."). The manner of presentation of claims in petitioner's post-conviction proceedings and the state district and appellate court's interpretation and rejection of those claims makes analysis of the procedural issues more problematic than a review of the merits of petitioner's due process claims. Therefore, the Court shall review petitioner's due process claims, which can be readily disposed of, on the merits.

Petitioner's claims as raised in the petition are based on the failure of the Oklahoma Pardon and Parole Board to hold an executive revocation hearing promptly after the probable cause hearing. He also complains that he did not know that the hearing was going to be held until twenty-five minutes prior to the hearing. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the United States Supreme Court held that in addition to a preliminary probable cause hearing, minimum due process requires a full revocation hearing before a neutral and detached hearing body for which the parolee has been given written notice of the claim of violations of parole, disclosure of the evidence against him, and an opportunity to be heard in person, to present witnesses, and to confront and cross-examine adverse witnesses. The record, as set forth above, reflects that Petitioner's parole revocation proceedings comported with due process as set forth in Morrissey.

The Supreme Court has never established specific time limitations applicable to parole revocation proceedings. Under Morrissey, a parole "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." Morrissey, 408 U.S. at 488. The Oklahoma Department of Corrections issued an arrest warrant for Petitioner on January 10, 2008. A probable cause hearing was held on January 29, 2008. Petitioner's executive parole revocation hearing was held on June 19, 2008, or less than five months after the probable cause hearing. Petitioner has not demonstrated that the delay in holding his executive parole revocation hearing was unreasonable. See e.g., id. at 488 ("A lapse of two months . . . would not appear to be unreasonable."); United States v. Shampang, 987 F.2d 1439, 1443 (9th Cir.1993) (finding delay of nearly six months "neither unreasonable nor fundamentally unfair"). Additionally, petitioner has not demonstrated or even alleged that he suffered prejudice as a result of the delay. See Paul v. McFadin, 117 F.3d 1428 (10th Cir. 1997) (unpublished) (compiling cases requiring showing of prejudice resulting from delay). He has not alleged that witnesses had become unavailable, or that witnesses' memories had been impacted by the delay, or that his ability to contest the parole revocation was impaired because of the delay. See Love v. Sherrod, 247 Fed.Appx. 35 (7th Cir. 2007) (unpublished). Nor has petitioner shown that holding the hearing earlier would have changed the outcome of the hearing. Moore v. Hofbauer, 144 F.Supp.2d 877 (E.D. Mich. 2001). The Court concludes that petitioner's right to due process was not compromised by the delay in holding his executive parole revocation proceeding.

Petitioner also complains that he was not informed that the executive parole revocation hearing was going to take place until 25 minutes prior to the commencement of the hearing. All that due process requires is a "written notice of the claimed violations of parole," Morrissey, 408 U.S. at 489. Petitioner received such notice in the "Notice of Executive Revocation Hearing," See Dkt.

# 5, Ex. 8, signed by Petitioner on January 29, 2008. That notice provided a list of the alleged rule infractions and identified the evidence supporting each. Petitioner does not claim or even allege that he suffered prejudice as a result of being notified of the hearing only 25 minutes before its commencement. The record reflects that he was present at the executive parole revocation hearing and testified in his own behalf at the hearing. The notice provided to petitioner comported with due process. Id. The Court concludes that petitioner's right to due process was not compromised by the timing of Petitioner's executive parole revocation proceeding.

## *CONCLUSION*

The Court concludes that petitioner has failed to demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 5) is **denied**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 27th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT